IN THE MATTER OF
MICHAEL FIDEK.

Argued December 13, 1977—Decided May 31, 1978.

*Mrs. Erminie L. Conley,* Deputy Attorney General, argued the cause for appellant Department of Civil Service (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mrs. Conley,* of counsel; *Mr. Arnold Lakind,* Deputy Attorney General, on the brief).

*Mr. John L. Bonello* argued the cause for respondent Fidek (*Messrs. Anschelewitz, Barr, Ansell* and *Bonello,* attorneys).

PER CURIAM. The Department of Civil Service, in computing seniority, excluded from State service four months during which Michael Fidek was on an approved leave of absence without pay on active duty training in the United

States Army Reserve. As a result Fidek, a right-of-way negotiator in the State Department of Transportation, was subjected upon the elimination of a negotiator's position to an involuntary transfer. If he had been credited with employee service for the four months of active military training, the increased seniority would have prevented the transfer.

When Fidek was notified of the transfer he appealed to the Civil Service Commission, demanding a hearing, recalculation of his service, and redetermination of his seniority. After considering the record as supplemented by Fidek, the Commission concluded that the military leave time was properly deducted from his time in State service in fixing his seniority. Fidek appealed to the Appellate Division. That court reversed. 146 *N. J. Super.* 338 (1977).

Holding that Fidek was not entitled to a hearing because there was no genuine issue as to any material fact, the Appellate Division concluded that the case was governed by Civil Service Commission regulation *N. J. A. C.* 4:1–2.1, which defines continuous service as "employment without interruption except for an absence on an approved leave." Since Fidek's leave had been approved, it reasoned he was entitled to credit for the four months of military leave. We granted the Department of Civil Service's petition for certification. 74 *N. J.* 274 (1977).

 We agree that no hearing was warranted. *Cunningham v. Dept. of Civil Service,* 69 *N. J.* 13 (1975). We also concur, but not for the reasons stated below, with the conclusion that Fidek was entitled to credit for the four months of service while on military leave.

Fidek commenced his permanent employment in the Department of Transportation on September 9, 1966. Three days later he embarked on a four-month unpaid leave of absence to perform initial active duty training with the army reserves. He resumed his duties in the Department on January 16, 1967.

Fidek's entitlement to service credit for the four-month period is guaranteed by *N. J. S. A.* 38:23–4. That section reads in pertinent part as follows:

Every person holding office, position or employment, other than for a fixed term or period, under the government of this State * * * who after July first, one thousand nine hundred and forty, has entered, or hereafter shall enter, the active military or naval service of the United States or of this State, in time of war or an emergency, *or for or during any period of training,* or pursuant to or in connection with the operation of any system of selective service * * * shall be granted leave of absence for the period of such service and for a further period of three months after receiving his discharge from such service. * * *

* * * During the period of such leave of absence such person shall be entitled to all the rights, privileges and benefits that he would have had or acquired if he had actually served in such office, position, or employment during such period of leave of absence except, unless otherwise provided by law, the right to compensation. * * *. [Emphasis supplied]

The clear intendment of the statute is to protect State employees who enter active military service for or during "any" period of training from losing any rights, privileges or benefits of employment except the right to compensation during the military training period. Fidek has satisfied the prescribed conditions, for he entered the military service for a period of training. Accordingly, he was entitled to creditable service in his regular job and the enhancement of his seniority status for that four-month period.

Fidek also contends that he is entitled to the four months of seniority credit under a federal statute enacted in 1974. 38 U. S. C. A. §§ 2021(b), 2024(c). That law provides that members of a reserve component of the armed forces who are required to attend an initial period of active duty for training of not less than three months are entitled to the reemployment rights provided for those inducted under the Military Selective Service Act of 1967, 50 *U. S. C. A. App.* § 451 *et seq.* One of those rights is seniority. *Smith v. Industrial Employers & Distributors*

*Ass'n,* 546 *F.* 2d 314, 316–317 (9th Cir. 1977). We are satisfied that the statute is not retroactive. The result we reach today is, however, consonant with the federal policy.

█ The Appellate Division's reliance upon the Civil Service regulation, *N. J. A. C.* 4:1–2.1, is misplaced. If its interpretation were accepted, all approved leaves, whether in State or local service, would have to be included in computing seniority. But that position would be in outright conflict with *N. J. S. A.* 11:21–9, which specifies that employees in local service are not entitled to credit for service when absent on leave without pay. Furthermore, the Commission's adoption of specific regulations covering seniority while on leave of absence would then appear to be sheer redundancy. See *N. J. A. C.* 4:1–17.1 *et seq.; Civil Service Personnel Manual subpart* 16–5.101 *et seq.* Lastly, the Commission is justly concerned that if seniority credit were obtained with every approved leave, those who have remained at work developing their skills would suffer unfairly when promotional and layoff decisions are made. Such a result would not be in accord with the salutary objectives of the Civil Service system.

Affirmed.

*For affirmance*—Chief Justice HUGHES and Justices SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—6.

*For reversal*—None.